ELLIS L. BIERBOWER ET AL. V. BERNARD SINGER.

[FILED OCTOBER 3, 1889.]

1. **Evidence** examined, and *held*, sufficient to sustain the verdict of the jury.

ERROR to the district court for Douglas county.    Tried below before WAKELEY, J.

*Bartlett & Cornish,* for plaintiffs in error.

*J. C. Cowin,* for defendant in error.

REESE, CH. J.

This action was instituted in the district court of Douglas county by defendant in error against plaintiff in error upon his official bond as United States marshal, together with the other plaintiffs in error as his sureties thereon.  In addition to the allegations as to the official capacity of plaintiff in error, and the execution of the bond with the other plaintiffs in error as sureties, it was alleged that about the 9th day of March, 1885, an order of attachment was issued out of the circuit court of the United States for the district of Nebraska in a cause therein pending wherein the Friend Brothers Clothing Company was plaintiff and Herman Gross, Joseph Gross, and Moritz Gross, partners doing business under the firm name of Gross Brothers, were defendants, directed to the said marshal commanding him to attach the property of the said defendants Gross Brothers within the district and not exempt from such seizure.  The amount of the demand of the Friend Brothers Clothing Company was $1,430.43, with the interest thereon from January, 1875, at 7 per cent, together with $50 — the probable cost of the action ; also another attachment in favor of the

same parties for the sum of $503.50, with interest, together with the sum of $50 — the probable cost of the action; that plaintiff in error, by virtue of the two writs of attachment, levied upon a large amount of property which is described in the petition, amounting to the alleged value of $8,046; all of which said property was claimed by defendant in error as his property, and that no part thereof was the property of Gross Bros., who were the defendants in the action, and that defendant in error was damaged to the full amount of the value thereof. As a second cause of action it was alleged that plaintiff had been damaged in the sum of $3,580 by the action of plaintiff in error in depriving him of the use of a farm upon which his property was situated, by reason of the removal of the personal property described in the petition, and which consisted of live stock, some of which were work horses used on the farm for the cultivation of the land ; also, in the removal at improper times of a large number of hogs and cattle, which were being fed and prepared for the market, together with a large quantity of corn and other grain upon the farm.

To this petition plaintiff in error filed his amended answer, in which the fact of the levy upon the property was admitted but the ownership of defendant in error was denied, and it was alleged that it was the property of Gross Brothers, and upon that ground plaintiff in error justified the seizure. The official character of plaintiff in error and the fact of the attachment having been placed in his hands were admitted. It was averred that the alleged transfer of the property from Gross Brothers to defendant in error was fraudulent and was made in pursuance of a conspiracy entered into between defendant in error and his relatives to cause their property to be transferred to him in fraud of the many creditors of the firm of Gross Brothers and for the purpose of hindering and delaying them in the collection of their debts. The possession of said property by de-

. fendant in error was denied and it was alleged that the transfer of the property to him was only colorable, and that he never had at any time assumed the possession or control thereof, but that it was allowed to remain upon the farm of one of the members of the firm of Gross Brothers the same as before, and that defendant in error had never claimed any ownership of the property until after the levy under the attachment referred to. All allegations of the petition, save those above noticed, were denied.

To this answer defendant in error filed a reply in which he admitted the suit in favor of the said Friend Brothers Clothing Company against Gross Brothers, the issuance of an attachment, the levy, etc., as set out in plaintiff's answer and the execution of the bill of sale, but denied all other allegations contained in the answer. He also alleged that if any fraud existed at the time of the transfer of the property to him he had no knowledge of the same; that he did not know of the great amount of indebtedness of the firm of Gross Brothers, and that the sale of property was made to him in good faith in payment of an amount due him from the said firm of Gross Brothers, and that before the signing of the bill of sale, which was executed by them to him, but upon the consummation of the sale, the property therein specified was turned over to him and placed in his possession; that he employed Moritz Gross, one of the firm of Gross Brothers, as his agent, to take charge of the property and keep it upon the farm referred to.

It is not deemed necessary to notice with any greater particularity the allegations of the pleadings, for the reason that the issues presented to this court are quite narrow and are fully covered by what we have already stated.

A jury trial was had which resulted in a general verdict in favor of defendant in error, assessing his damages at the sum of $5,081.81. A motion for a new trial was filed, which was overruled and judgment rendered on the verdict. From such judgment plaintiff in error brings the case into

this court by proceedings in error. The assignment of error contained in the petition is, that the court erred in overruling the motion for a new trial, for the reason that the verdict was not sustained by sufficient evidence and was contrary to law, presenting thereby but one question in the case, and that is, the contention of plaintiff in error, that the verdict of the jury was not supported by sufficient evidence.

Prior to entering upon an examination of this question it may be remarked that a considerable portion of the briefs of both parties is given to the discussion of the instructions of the district court given to the jury upon the trial, and in the ruling of the court in excluding from the jury certain instructions asked by plaintiff in error.

While these questions cannot arise upon the assignment in the petition in error, yet we have carefully examined all the instructions referred to in the brief of plaintiff in error, and in fact all the instructions given and refused by the court upon the trial; and while, owing to their great length, it would extend this opinion beyond reasonable bounds to set them out in full, we deem it proper to say that in our view all the questions presented by counsel in the case upon the trial were fully and thoroughly submitted to the jury by the instructions given by the trial court; and that upon an examination of the whole of the instructions given we do not think they are open to the criticism made by plaintiff in error or that he has been prejudiced by any instructions given.

The question to which our attention has been particularly directed is the one presented by the petition in error, and upon this we have devoted the greater portion of the time given to the case. The bill of exceptions is quite voluminous and it would be wholy inexpedient for us to endeavor to set out the evidence of the witnesses who were examined upon the trial. We must therefore be content by giving very briefly our conclusions based upon an examination of

the evidence, without giving the evidence from which they are drawn.

The evidence as to the indebtedness of Gross Brothers to defendant in error is substantially all one way and we apprehend it cannot be disputed, but that so far as was shown by the testimony upon the trial, there was an actual *bona fide* indebtedness to defendant in error from them.   But it is contended, first, that the fact of this indebtedness was kept secret and was not known by those with whom Gross Brothers were dealing, and that the fact of its existence being thus kept from public knowledge, that firm was thereby enabled to practice a fraud upon its creditors.

It seems to be quite clear that the alleged indebtedness of the firm of Gross Brothers to defendant in error was unknown except among themselves.   Defendant in error was a resident of the state of Wisconsin; Gross Brothers were residents of this state, carrying on business in Columbus, and in Madison county as well as in the village of Madison.   Whether or not defendant in error is chargeable with the action of Gross Brothers in suppressing the fact of their indebtedness to him is not very clear, but it is quite probable that he should not be so charged.   Defendant in error is a brother-in-law of the members of the firm of Gross Brothers, having married their sister.   It appears that while they were engaged in business in the city of Columbus, and managing the same in the year 1873 and up to 1885, it was agreed that he should purchase horses and cattle in the state of Wisconsin; that they should be shipped to this state to Gross Brothers and sold upon the market, the profits, after deducting all expenses, to be equally divided between them.   In these transactions the indebtedness to defendant in error arose.

Assuming therefore that this indebtedness did actually exist, the question arises whether the fact of the relationship of the parties and the circumstances under which the bill of sale was given and the whole conduct of the parties in con-

nection therewith would render the transfer of the property, described in the petition, to defendant in error by bill of sale fraudulent as against creditors, and whether the proof of such fraudulent intent on the part of Gross Brothers and defendant in error is so strong as to require a reversal of the judgment and a vacation of the verdict of the jury. The evidence upon which the case was submitted to the jury was conflicting in a high degree and it would seem impossible to harmonize the testimony of the various witnesses upon the different sides. The jury being the judges of the weight of the evidence and the degree of credibility which should be accorded to each witness, it is only deemed necessary to say that in our opinion there was sufficient evidence submitted to the jury to sustain a finding that soon after the firm of Gross Brothers commenced business in the city of Columbus defendant in error purchased in Wisconsin and shipped to them a number of horses and cattle and a quantity of lumber to be disposed of by them upon the terms hereinbefore mentioned; that shipments were made to them by defendant in error and remittances were made to him by them during the time of these transactions until some time prior to the transfer of the property in question to defendant in error, when the shipments and payments ceased; that defendant in error, hearing of the embarrassed condition of the firm of Gross Brothers, left the city of Milwaukee and came out to Madison county, to which place their business had been entirely removed, and which visit was unexpected by them, and demanded payment of the amount due him from them; that they informed him that they had not the money with which to meet the indebtedness and sought to persuade him that there was no immediate danger of a loss upon his part; but that he insisted upon receiving payment, or security, or that sufficient property should be transferred to him to make him whole; that after consulting an attorney as to their right to prefer defendant in error to the exclusion of other cred-

itors, the property was transferred to him and the farm
which belonged to the firm of Gross Brothers was leased
to him for the term of three years, upon which the stock
was left in the care of Moritz Gross, a member of the
firm, who resided upon the farm. At the time defendant
left the city of Milwaukee to come to this state he was
joined by one of the members of the firm of Gross Broth-
ers of Milwaukee, composed of two other members of
the Gross family, who represented not only indebtedness
alleged to exist to the firm of Gross Brothers in Milwaukee,
but to other parties who had placed their claims in his
hands. Pending the negotiations for the transfer of the
property in dispute in this case to defendant in error the
firm of Gross Brothers confessed judgment in the United
States circuit court for the district of Nebraska in favor of
Jacob and Bernhard Gross and Laura Schram, of Milwaukee,
for the sum of $10,311.25, and an execution was soon after
issued thereon and placed in the hands of the United States
marshal, who levied upon and sold the store in the village
of Madison, which was purchased by defendant in error
at such sale. These other transactions are unimportant in
the investigation of this case except so far as they may
throw light upon the conduct of the parties to this action.
For that purpose it was competent to examine into them.
Soon after the transfer of the property in question in this
suit to defendant in error the Friend Brothers Clothing
Company instituted attachment proceedings in the circuit
court of the United States against the firm of Gross Broth-
ers, and under the order of attachment the deputy United
States marshal appeared in Madison county and levied upon
the property in dispute as the property of the defendants in
that action. It cannot be disputed but that if the testi-
mony of the witnesses introduced on behalf of plaintiff in
error is to be believed, many statements were made by the
members of the firm of Gross Brothers in this state which
would tend to confirm plaintiff's theory that the whole

Bierbower v. Singer.

transaction between them and defendant in error, as well as between them and the firm of Gross Brothers, of Milwaukee, was fraudulent. But every statement of the kind testified to by the witnesses for plaintiff in error was contradicted by the testimony of Gross Brothers and Singer, thus rendering it the special province of the jury to decide upon the weight of the testimony of these various witnesses. Some of the circumstances tend strongly to support the theory contended for by plaintiff in error, whilst others are as strongly against it and in favor of that contended for by defendant in error. The whole case was submitted to the jury, as we have said, with proper instructions from the court for their guidance. We are unable to say that the verdict is so clearly against the weight of evidence as to require a reversal of the judgment.

It is contended that the delivery of the property to defendant in error was not sufficient under the provisions of section 11 of chapter 32 of the Compiled Statutes. Upon this question it is only necessary to say that if the delivery was as testified to by defendant in error and his witnesses —that the property was separated, counted, and delivered to him and that, without removing it from the farm which he had leased for three years, he employed Moritz Gross to take charge of it as his agent, paying him a fixed salary per month for so doing—this would be sufficient under that section, especially so since the questions of presumptions alone are to be affected thereby.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.